No. 4025.

(Court of Appeal, Parish of Orleans.)

## J. D. SIMMS & SONS vs. JEFF. D. HARDIN.

1  A thing of which the buyer reserves to himself the trial is not sold until the buyer is satisfied with the trial, but such buyer is bound to use the same diligence in preserving such thing as he uses in preserving his own property.

2.  The testimony herein is conflicting in essential particulars; taking it as a whole and without attaching undue importance to isolated expressions, we do not find sufficient warrant for disturbing the conclusions of fact of the judge who saw and heard the witnesses.

3.  Where no offer of payment is made to the creditor himself, the debtor merely offers at his own office to the creditor's bookkeeper to have a check drawn for that part of the claim which is admitted to be due if such check be accepted in full settlement, the bookkeeper's refusal to accept the same cannot form the basis of an alleged waiver of the tender required by law.

Appeal from Civil District Court Division D.

Philip H. Mentz, for plaintiff and appellant.

Andrew H. Wilson, for defendant and appellee.

DUFOUR, J.   The plaintiff's claim of defendant $250.00 for the value of a mule alleged to have been sold and delivered to him on January 3, 1905, and $265.00 the value of another mule alleged to have been sold and delivered on January 9, 1905.

The answer admits the purchase of the first mule, avers an offer to pay its price and plaintiff's refusal to accept the same unless the claim for the second mule was also paid, and "tenders and deposits in court with the clerk hereof said amount," and further asserts that "as to said claim for a mule alleged to have been sold and delivered respondent on or about January 9, 1905, respondent denies that any such mule was sold, delivered to or kept by him, or that he purchased such an animal from plaintiffs, or that he is indebted for same to plaintiffs."

From a judgment in their favor for $250.00 with interest and costs and rejecting their demand for the $265.00, plaintiffs have appealed; defendant has answered the appeal and asked that he be relieved from interest and costs.

It will be observed that the answer is in the nature of a general denial, under its terms, therefore, it was competent to offer any evidence tending to show that defendant had not bought the mule, but had received it on trial, to be bought if satisfactory, and that, during the course of said trial, the mule sickened, without defendant's fault, was returned to plaintiffs and died in their possession.

The trend of the testimony satisfactorily establishes the fact that it was the custom of plaintiffs, as well as other mule traders in this city, to allow prospective purchasers to have mules for trial for a reasonable time, say three or four days; at the end of that time if they proved acceptable, the purchaser would keep and pay for them, and, if unacceptable, they would be returned to the trader.

That this was the nature of the transaction herein is clear and, under Art. 2460 R. C. C., the thing is not sold until the buyer is satisfied with the trial, which is a kind of suspensive condition of the sale.

He is, however, bound to use the same deligence in preserving the property entrusted to his care that he uses in preserving his own property. R. C. C. 2937. The testimony of the plaintiffs is to the effect that. when the mule was taken by defendant, he was in good condition and that, when he returned it to them, it was dying and that it died of pneumonia on the next day. The testimony of defendant and his witnesses is to the effect that, when Hardin got the mule, it was running at the nose, that it was cared for like defendant's own stock and was not unnecessarily exposed. The temperature on January 10th, 11th and 12th, ranged between 50 and 70 degrees and there was some rain on the last two days. We are not prepared to say that it was either imprudent or cruel to subject mules to conditions of weather, normal at least for that season, merely because of a running of the nose.

One of the witnesses states that he met "young Mr. Simms, he went up to the mule and he put his ear to her lung, and he said at that time that the mule was sound and there was nothing the matter with her, although I called his attention to the fact that she was running out of the nose, and I

104

asked the driver to show him where he had wiped out the nose, and showed him the mucus that came out of it, and Mr. Simms said it was nothing at all."

This is substantially corroborated by another witness, but flatly denied by Simms, who claims to have said that the mule should not have been worked and exposed, because he then had high fever.

Hardin and his son testify that one of the Simms called at defendant's office and that, after a conversation in reference to the mule it was distinctly understood and agreed that Hardin would not be responsible for the animal.

Simms denies this.

The testimony is conflicting in almost every essential particular and, we may add, unsatisfactory on both sides. Taking it as a whole and without attaching undue importance to isolated expressions, we do not find sufficient warrant for disturbing the conclusions of fact of the judge who saw and heard the witnesses.

One circumstance impresses us as corroborating Hardin's claim that the Simms did not intend to hold him responsible; the fact that no bill was presented to him until May 2, more than three months and a half after the mule's death.

We now pass to the question of the alleged waiver of the tender for the price of the first mule.

When a defendant admits that he owes part of the debt demanded of him and the plaintiff refuses to receive the same, such defendant may make a real tender of the same. But this tender must be made to the creditor himself at his actual or chosen domicil in the presence of two witnesses residing in the place by offering him the amount with such interest and costs as may be due, in current money of the United States. C. P. 404-406-407. It is true that it has been held, in a certain class of cases which need not now be detailed, that the plaintiff's peremptory refusal dispensed with the actual production of the money or the presence of witnesses, as no one is required to do a vain thing.

But this exception cannot be extended to a case like this, where no offer was made to the creditor and all that the debtor did was to offer plaintiff's bookkeeper at the debtor's own office, to have a check made out for $250.00 if he accept it in full settlement. The bookkeeper's refusal to take it cannot form the basis of the waiver.

The tender and deposit in Court upon the filing of the answer, not including costs and interest, are, of course, without legal effect, the moment it is held that there was no previous waiver.

Judgment affirmed.

December 3, 1906.

Rehearing refused December 17, 1906.